I respectfully dissent.
I believe that the language of R.C. 4117.11(A) that it is an unfair labor practice to "(1) Interfere with, restrain, or coerce employees * * *; * * * (5) Refuse to bargain collectively * * *; * * * [and] (8) Cause or attempt to cause an employee organization * * * to violate * * *" is suggestive that there must be a showing of something more than mere contact of a noncoercive, nonthreatening, nonpromissory nature which does not seek a response. I believe there must be some evidence that the act was done purposely or there was a probability the result would occur.
It is doubtful that the same Negotiations Report, if made directly to the news media for the consumption of the general public, would be considered an unfair labor practice. Certainly, the employees would get knowledge of it. Does its mailing directly to the employees change its effect? Should unfairness be judged by the result in the "eyes of the beholder"? I think not. However, by the court's decision today, SERB may freely determine "unfairness" by its result upon the union without regard to intent, motive or purpose.